**FILED**
09/02/2025
Clerk of the
Appellate Courts

# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### August 28, 2025

## JUSTIN TYLER HOBBS ET AL. v. DON GRISSETTE ET AL.

**Appeal from the Circuit Court for Hamilton County**
**No. 21C1089    Kyle E. Hedrick, Judge**

_____

## No. E2025-00849-COA-R3-CV
_____

Because no final order has been entered in the underlying trial court proceedings, this Court lacks jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

D. MICHAEL SWINEY, C.J.; JOHN W. MCCLARTY, J.; AND KRISTI M. DAVIS, J.

W. Gerald Tidwell and Matthew D. Tidwell, Chattanooga, Tennessee, for the appellants, Justin Tyler Hobbs, Kasey Hobbs, Janice Toth, and Tony Toth.

M. Andrew Pippenger, Nashville, Tennessee, for the appellees, Katherine Smith and Greater Downtown Realty, LLC.

Robert N. Meeks and Jessica Meeks Conine, Chattanooga, Tennessee, for the appellee, Sheila Renee Grissette.

John P. Konvalinka and Ariel H. Resnick, Chattanooga, Tennessee, for the appellee, Don Edwin Grissette.

The appellants, Justin Tyler Hobbs, Kasey Hobbs, Janice Toth, and Tony Toth ("Appellants"), filed a notice of appeal with this Court on June 4, 2025, which states that Appellants are appealing the May 5, 2025 order of the Hamilton County Circuit Court ("Trial Court"). Appellants subsequently filed in this Court a notice of premature appeal due to a pending issue regarding attorney's fees and legal expenses after the dismissal of Appellants' claims upon a directed verdict under Tennessee Rule of Civil Procedure 50.01. According to the notice, the pending issue of attorney's fees was scheduled to be resolved during a hearing on August 7, 2025. Therefore, this Court provided the parties with an extension of time to obtain a final judgment until August 21, 2025 or else this appeal would be subject to dismissal for lack of a final judgment.

On August 19, 2025, Appellants filed a notice that they would be unable to obtain a final judgment by the August 21, 2025 deadline. Appellants state that the issue of attorney's fees was heard on August 7, 2025 but that the hearing did not conclude. The hearing is scheduled to continue on September 9, 2025. Appellants further state that the special master who is hearing the pending issue has indicated that a report will not be drafted until a transcript is provided to the special master and that such report will then need to be approved by the Trial Court. In their notice, Appellants did not request an extension of time to obtain a final judgment.

"A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). This Court does not have subject matter jurisdiction to adjudicate an appeal as of right if there is no final judgment. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

The pending motion for attorney's fees prevents a final judgment. *See e.g., E. Solutions for Buildings, LLC v. Knestrick Contractor, Inc.*, No. M2017-00732-COA-R3-CV, 2018 WL 1831116, at *4 (Tenn. Ct. App. April 17, 2018) (finding that order directing parties to re-submit requests for attorney's fees after appeal was "improvidently certified as final," and holding that because the trial court did not dispose fully and finally of claim for attorney's fees, this Court lacked jurisdiction); *Grand Valley Lakes Property Owners'*

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

*Assoc., Inc. v. Gunn*, No. W2008-01116-COA-R3-CV, 2009 WL 981697, at *3 (Tenn. Ct. App. April 13, 2009) (stating "the circuit court did not resolve Grand Valley's request for attorney's fees . . . . As we have stated, except as otherwise permitted in Rule 9 and in Rule 54.02, an order adjudicating fewer than all the claims of the parties is not a final, appealable order.").

The court order from which Appellants seek to appeal does not constitute a final appealable judgment. Therefore, this Court lacks jurisdiction to consider this appeal. The appeal is hereby dismissed. Costs on appeal are taxed to the appellants, Justin Tyler Hobbs, Kasey Hobbs, Janice Toth, and Tony Toth, for which execution may issue.

**PER CURIAM**